DECISION AND JOURNAL ENTRY
Defendant Shaupin Foo has appealed his conviction and sentence from the Summit County Common Pleas Court. This Court affirms in part and reverses in part.
 I.
On April 16, 1999, Defendant and his co-defendant, Kok Kuan Lee (Lee), entered the home of Le Mei, a sixty-three year old woman, and Jasmine Gao, her four-year old granddaughter. Defendant and Lee sprayed both victims with pepper spray and bound them with duct tape. While searching the house, Defendant and Lee discovered $2,000. In an effort to obtain more money, Defendant and Lee decided to abduct the child and hold her for ransom. The two men put the child in a garbage bag, locked her in the trunk of their vehicle, and drove from Akron to Cleveland. Lee called the child's parents at work and demanded that they pay $250,000 or their child would be killed. The child's mother informed Lee that she recognized his voice. Shortly after the phone call, Defendant and Lee released the child in the Asian community in Cleveland and turned themselves in to the police.
On May 3, 1999, Defendant and Lee were indicted with the following offenses: (1) one count of kidnapping of Jasmine K. Gao, a felony of the first degree; (2) one count of kidnapping of Le Mai, a felony of the first degree; (3) one count of aggravated robbery, a felony of the first degree; (4) one count of robbery, a felony of the first degree; and (5) one count of aggravated burglary, a felony of the second degree. Defendant entered a plea of guilty to all of the above-mentioned offenses, and his sentencing was scheduled for July 26, 1999.[1]
Prior to his sentencing, Defendant filed a motion asking the trial court to merge certain offenses for sentencing purposes. The trial court denied his request and sentenced Defendant to a term of eight years for each count of kidnapping, to be served consecutively; eight years for the burglary and robbery charges, to run concurrently but to be served consecutively to the kidnapping charges. Defendant has timely appealed, asserting four assignments of error. Defendant's assignments of error have been rearranged for ease of discussion.
 II. A. ASSIGNMENT OF ERROR NUMBER FOUR The trial court erred in failing to merge for sentencing purposes count two which charged the kidnapping of Le Mei and count five which charged robbery.
 In his fourth assignment of error, Defendant has asserted that the trial court erred in denying his request to merge the kidnapping of Le Mei with the count of robbery. Essentially, he has argued that the kidnapping of the grandmother was a continuous act committed solely for the purpose of the robbery. This Court disagrees.
Recently, the Ohio Supreme Court ruled that the elements of alleged allied offenses are to be compared in the abstract, overruling prior cases and language to the contrary. State v. Rance (1999),85 Ohio St.3d 632, paragraph one of the syllabus. Under Rance, a court should align the elements of each crime in the abstract, to determine whether the statutory elements of the crimes correspond to such a degree that "the commission of one crime will result in the commission of the other." (Citation omitted.) Id. at 638. "If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638-639.
In the case at bar, Defendant was charged with the kidnapping of Le Mei, in violation of R.C. 2905.01(A)(2), and robbery, in violation of R.C2911.02(A)(2). R.C. 2905.01(A) provides, in part:
 No person, by force, threat, or deception, * * * by any means, shall * * * restrain the liberty of the other person, for any of the following purposes:
* * *
 (2) To facilitate the commission of any felony or flight thereafter[.]
On the other hand, R.C. 2911.02(A) provides, in part:
 No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]
 In reviewing the above statutory definitions in the abstract, this Court concludes that kidnapping and robbery are not allied offenses because the commission of one will not automatically result in the commission of the other. A person can commit a kidnapping without engaging in a robbery, and a robbery can occur without a kidnapping. Because these offenses are not similar on an abstract comparison, this Court need not determine whether Defendant committed the crimes separately or with separate animus. Accordingly, Defendant's fourth assignment of error is overruled.
 B. ASSIGNMENT OF ERROR NUMBER ONE The trial court abused its discretion and erred in imposing [sic] greater than the minimum sentences on each count of conviction, [sic] said sentences being contrary to law and not supported by evidence in the record, [sic] and the trial court having failed to make the requisite findings to support the same.
 In his first assignment of error, Defendant has asserted that the trial court erred when it sentenced him to a prison term for each offense that was more than the mandatory minimum. Defendant further argued that the evidence in the record did not support his sentence. This Court disagrees.
In State v. Edmonson (1999), 86 Ohio St.3d 324, 326-7, the Ohio Supreme Court construed the statutory phrase "finds on the record" as found in R.C. 2929.14(B) in regards to sentencing an offender to more than a minimum prison sentence. As used in R.C. 2929.14(B) the verb `finds' only requires the court to note that "it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons" enumerated in R.C. 2929.14(B). Edmonson, at 326.
 * * * R.C. 2929.14(B) requires a trial court to impose a minimum sentence for the first-time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender.
 Edmonson, at 325. "[T]he record of the sentencing hearing must reflect that the court found either or both of the two statutory sanctioned reasons" for imposing more than the minimum. Id. at 326. R.C. 2929.14(B) does not require the trial court to give its reasons for its finding(s). Id.
At the sentencing hearing, the trial court articulated the facts of the crime and its emotional impact on the victims.[2] The trial court also considered the presentence investigation report and statements from the victims. Lastly, Lee's father made a statement on behalf of his son and Defendant. The trial court then found the crime outrageous and that any sentence less than a severe sentence would demean the seriousness of the offenses. The journal entry also revealed that the trial court found recidivism more likely, and that a lessor sentence would demean the seriousness of the offenses. In light of the foregoing, the trial court made the requisite findings for imposing more than the minimum sentence. Therefore, Defendant's first assignment of error is overruled.
 C. ASSIGNMENT OF ERROR NUMBER TWO The trial court abused its discretion and erred in imposing the maximum prison terms on all counts of conviction, [sic] said sentences being contrary to law and not supported by evidence in the record, [sic] and the trial court having failed to make the requisite findings to support the same.
 In his second assignment of error, Defendant has asserted that the trial court failed to state the necessary findings required under R.C. 2929.14(C). This Court agrees.
This Court has reviewed and applied the requirements of R.C. 2929.14
for sentencing as enunciated by the Ohio Supreme Court in Edmonson.[3]
This Court has determined that, pursuant to Edmonson, the trial court must make findings and give reasons to support those findings before imposing sentences that are not consistent with recent changes in Ohio's sentencing law in which "minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally." Id. at 325; State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 2. This Court has further stated that Edmonson requires the trial court to use language "that is close, if not identical, to the statutory criteria when articulating its findings." Riggs, Summit App. No. 19846, unreported, at 3.
Pursuant to R.C. 2929.14(C), a trial court may only impose the maximum prison term on a defendant who meets one of four criteria. The only two criteria relevant to this appeal are whether Defendant "committed the worst form of the offense" or "pose[s] the greatest likelihood of committing future crimes[.]" R.C. 2929.14(C).
In reviewing the record in the case at bar, the trial court failed to find that Defendant committed the worst form of the offense or posed the greatest likelihood of committing future crimes. Because the trial court did not make the requisite findings under R.C. 2929.14(C), this Court need not review whether the trial court engaged in an analysis giving its reasons for imposing the maximum sentence. See Edmonson,86 Ohio St.3d at 328-329. Defendant's second assignment of error is well taken.
 D. ASSIGNMENT OF ERROR NUMBER THREE The trial court abused its discretion and erred in imposing consecutive sentences on counts two and three and further ordering that they be served consecutive to the concurrent maximum sentences as ordered in counts five and six,[sic] said sentences being contrary to law and not supported by evidence in the record, [sic] and the trial court having failed to make the requisite findings to support the same.
 In his third assignment of error, Defendant has asserted that the trial court failed to state the necessary findings required under R.C. 2929.14(E)(4) when imposing consecutive sentences. This Court agrees.
R.C. 2929.14(E)(4) sets forth three findings a trial court must make before imposing a consecutive sentence. A trial court must find that:
 [T]he consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
* * *
 R.C. 2929.14(E)(4). In addition, R.C. 2929.19(B)(2)(c) mandates that a trial court make the requisite findings under R.C. 2929.14(E)(4) and explain the reasons for imposing consecutive sentences. Although Edmonson only involved situations where a trial court imposed more than the mandatory minimum and the maximum sentence, this Court has previously held that Edmonson also implies that a trial court provide reasons for selecting consecutive sentences and engage in an analysis to support that finding. See Riggs, supra, at 2-3.
In the case at bar, the trial court stated that:
 [Defendant was] a danger to the public. To do less than consecutive sentences would demean the nature of the offense, and it is necessary due to the heinous nature of this crime to protect the public from any other such crimes in the future.
 Additionally, considering the psychological damage done to this family, the Court feels that consecutive sentences are in order.
 The trial court's findings encompassed the first required statutory finding, that consecutive sentences were required to protect the public. However, the trial court's findings do not comport with the remaining statutory findings required to impose consecutive sentences. It is not clear from the trial court's findings that the court found either of the other two required findings, namely that consecutive sentences were disproportionate to the seriousness of Defendant's conduct or that the harm caused by the offenses committed was so great or unusual that no single term of imprisonment adequately reflects the seriousness of Defendant's conduct. Because the trial court did not make the findings necessary to justify the imposition of consecutive sentences, this Court need not address whether the trial court engaged in the required analysis to support the findings. See Edmonson, 86 Ohio St.3d at 328-329. Accordingly, Defendant's third assignment of error is sustained.
 III.
Defendant's first and fourth assignments of error are overruled. His second and third assignments of error are sustained. The trial court's judgment is affirmed in part, reversed in part, and the cause is remanded for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J. BAIRD, J. CONCUR
[1] In exchange for Defendant's plea of guilty, all of the counts that were felonies of the first degree were amended to felonies of the second degree.
[2] The State has argued that Defendant failed to provide this Court with an adequate record; however, Defendant did submit the transcript of the sentencing hearing, which is adequate for a determination of the assigned errors. See Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
[3] Edmonson was decided on September 8, 1999. In his brief, Defendant raised and briefed the issue of whether his sentencing complied with the guidelines of Edmonson. The State filed its brief on February 10, 2000, five months after the Ohio Supreme Court released Edmonson. In its brief, the State failed to refer to controlling law in this area. Instead, the State has completely ignored the direction of Edmonson and this Court's application of the Ohio Supreme Court's decision and requested that this Court apply State v. Blondheim (May 27, 1998), Summit App. No. 18594, unreported. Blondheim is a decision from this Court that was certified as conflicting with State v. Edmonson (Sept. 25, 1998), Portage App. No. 97-P-0067, unreported, 1998 WL 684180. In affirming the decision of the Eleventh District Court of Appeals, the Ohio Supreme Court implicitly criticized Blondheim. See Edmonson,86 Ohio St.3d at 326-327.